UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE T. HELGELAND,

    Petitioner,

v.

                                                                   Case No. 22-cv-1169-bhl

JOSH KAUL,

    Respondent.

## ORDER SCREENING AND DISMISSING PETITION

Kyle T. Helgeland filed his petition for writ of habeas corpus under 28 U.S.C. §2254 on October 3, 2022. (ECF No. 1.) That same day, Helgeland paid the $5.00 filing fee. Because Helgeland's petition asserts only grounds that are not cognizable under the federal habeas statute, his petition must be dismissed.

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen the petition. The rule provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. In screening the petition, the Court examines whether the petitioner has asserted cognizable constitutional or federal law claims and has exhausted available state court remedies. The Court also attempts to confirm that the petition was timely filed.

In his petition, Helgeland challenges his state court conviction in Walworth County Circuit Court for operating while impaired (OWI), 6th offense. (*Id.* at 2.) Although Helgeland did not file a direct appeal, he did file a motion for post-conviction relief. Helgeland's motion was denied without a hearing and he appealed to the Wisconsin Court of Appeals and the Supreme Court of Wisconsin. (*Id.* at 5.) According to state court records available electronically, the Supreme Court of Wisconsin denied the petition for review on June 27, 2022.

Helgeland's petition asserts a single ground for habeas relief. He claims the state of Wisconsin improperly used a reckless driving offense from the state of Illinois as a countable prior OWI offense under Wis. Stat. §343.307 in violation of *State v. Jackson*, 2014 WI App 50, 354 Wis. 2d 99, 851 N.W.2d 465. (*Id.* at 4, 6-7.) This claim does not set forth a proper basis for federal habeas relief so Helgeland's petition must be dismissed. The federal habeas statute is only available to provide relief for a state prisoner who is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §2254. The issue Helgeland asserts is purely a question of state law. Section 2254 is not available to challenge questions of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quotation marks omitted) ("federal habeas corpus relief does not lie for errors of state law.") "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Helgeland's petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability. The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 20, 2022.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge